**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SANDRA FAYE COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:16-CV-1546-SNLJ** |
| | ) | |
| **NANCY A. BERRYHILL,**[1] | ) | |
| **Deputy Commissioner of Operations,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

The Commissioner of the Social Security Administration denied plaintiff Sandra

Coleman's applications for Disability Insurance Benefits under Title II of the Social

Security Act and Supplemental Security Income under Title XVI of the Social Security

Act. She sought judicial review (#15), and this Court affirmed (#22) the Administrative

Law Judge's ("ALJ") decision. Now, Coleman asks the Court to alter or amend its

judgment (#24). The Commissioner did not respond, and the time for doing so has

passed.

Coleman makes three arguments in asking the Court to alter or amend its

judgment.

First, Coleman argues her residual functional capacity ("RFC") does not fall

somewhere in the middle of light and sedentary work because she can stand and walk no

---

[1] Nancy A. Berryhill is now the Deputy Commissioner of Operations, Social Security
Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A.
Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

more than two hours in an eight-hour workday.  As this Court explained, some parts of

Coleman's RFC are consistent with light work, while other parts are consistent with

sedentary work:

> First, Coleman can lift and carry up to 20 pounds occasionally (very little up to 2.67 hours in an 8-hour workday).  This is consistent with light work.  20 C.F.R. §§ 404.1567(b), 416.967(b).  Second, as explained above, Coleman cannot carry 10 pounds *frequently* (2.67 hours to 5.33 hours in an 8-hour workday) because she cannot walk or stand more than 2 hours in an 8-hour workday.  And although lifting requires being on one's feet, "[t]he lifting requirement for the majority of light jobs can be accomplished with occasional . . . stooping."  SSR 83-10, 1983 WL 31251, at *6.  Coleman can occasionally stoop, which means she can perform at least a reduced range of the lifting that light work requires.  Third, Coleman's 2-hour standing or walking restriction is consistent with sedentary work.  20 C.F.R. §§ 404.1567(a), 416.967(a).  Fourth, Coleman can sit for 6 hours in an 8-hour workday and occasionally use foot controls on the left.  Light work can involve "sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b), 416.967(b).  This is also consistent with at least a reduced range of light work.

(#22 at 11.)  "While Coleman cannot perform a full range (substantially all of the light

work activities) of light work, she clearly can perform more than just sedentary work.

Coleman does not argue that she is unable to perform those parts of her RFC that are

consistent with light work." *Id.*  For the second time, and for the same reasons, this

argument fails.

Second, Coleman argues the Court erred in relying on *Stone v. Colvin*, No. 4:14-

CV-494-ACL, 2015 WL 1433469 (E.D. Mo. Mar. 27, 2017).  In *Stone*, the claimant

could stand and walk up to four hours in an eight-hour workday.  *Stone*, 2015 WL

1433469, at *8.  Because four hours of standing and walking clearly falls between light

and sedentary work, Coleman claims, *Stone* is distinguishable.  But this Court did not

rely on the facts of *Stone*. Instead, this Court explained *Stone* stands for the proposition "that an ALJ still should elicit VE testimony when a claimant's RFC falls between light and sedentary work, *even if* the occupational base for light work is significantly reduced[.]" (#24 at 12.) As explained above, Coleman's RFC falls between light and sedentary work. As much as Coleman wants to focus on her standing and walking restriction, light work involves more than just standing and walking. This error runs through all of Coleman's arguments, just as it did when she first sought judicial review.

Third, Coleman argues the Court applied an incorrect standard of review by analyzing only whether the ALJ's decision was supported by substantial evidence. Instead, the Court also should have analyzed whether the ALJ applied the correct legal standards. This argument misunderstands the Court's analysis. After finding that Coleman's RFC contradicted itself, the Court found the RFC still fell somewhere between light and sedentary work. Because Coleman's RFC fell somewhere in the middle, the ALJ correctly applied the law and used the Grids as a framework. SSR 83-10, 1983 WL 31251, at *3 (Jan. 1, 1983). Next, the ALJ correctly applied the law and relied on vocational expert testimony to determine the erosion of Coleman's occupational base for light work. *Id.* Coleman's argument fails.

Accordingly,

**IT IS HEREBY ORDERED** that Coleman's motion to alter or amend the judgment (#24) is **DENIED**.


So ordered this  11th  day of April 2018.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE